***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Ledford with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The Employee-Employer relationship existed between the plaintiff and defendant-employer at all times relevant to this claim.
3. The workers' compensation carrier on the risk is Harleysville Mutual Insurance Company.
4. The plaintiff's average weekly wage is to be determined by the undersigned from a Form 22.
5. The parties submitted the following documents: medical records, Stipulated Exhibit 1; Industrial Commission forms, Stipulated Exhibit 2; and plaintiff's recorded statement, Stipulated Exhibit 3.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the date of the hearing before the Deputy Commissioner, the plaintiff was 37 years old. He began his employment with the defendant-employer in early 2000 as a "cutter" whose duties included cutting steel plates and tubing.
2. The plaintiff had worked in this position for approximately one year during which time he regularly lifted heavy pieces of steel and equipment. The plaintiff testified that various means of lifting extremely heavy pieces of steel were available such as chains, ropes, carts and rollers.
3. The plaintiff has a prior criminal conviction and admitted that he falsified his last pay stub from defendant in order to obtain a loan from a financing company.
4. Plaintiff has a pre-existing history of back problems. In 1985, he underwent a disc removal at L4-5 performed by Dr. Ira Hardy. Plaintiff came under the care of Dr. James C. Harvell, Jr., an orthopaedic spine surgeon in September 1995. Plaintiff reported to Dr. Harvell that he developed pain in his lumbar area after twisting at the waist, while pushing a dishwasher. Dr. Harvell noted plaintiff's surgical history and assessed mild to moderately severe degenerative disc disease involving plaintiff's lower levels at L3-4, L4-5, and L5-S1.
5. Plaintiff underwent an MRI and returned to Dr. Harvell on October 5, 1995. The MRI showed a large herniated disc at the level below the prior surgery. Dr. Harvell discussed surgery with plaintiff and he later elected to proceed with the surgery. On February 16, 1996, Dr. Harvell performed a decompression hemilaminectomy, removing the ruptured disc at L5-S1.
6. Plaintiff saw Dr. Harvell in surgical follow-up, and was released on June 25, 1996. He returned to Dr. Harvell complaining of isolated episodes of low back pain on January 28, 1997 and again in June 1998.
7. The plaintiff testified at the hearing before the Deputy Commissioner that on or about January 26, 2001, after having worked a couple of hours that morning, he was preparing to cut a 20 foot or 40 foot piece of steel tubing and that when he bent over to pick up an end of the tubing to put on a roller, he felt something "pull" in his lower back, and dropped the piece of steel. Plaintiff alleges that he asked co-worker, Guy Wiley, to help him lift the tubing because he had pulled something in his back. Plaintiff testified at the hearing before the Deputy Commissioner that he worked the rest of the day. He alleges that around lunchtime that day he told the plant manager, Kirk Scott, that he had hurt his back.
8. Guy Wiley testified at the hearing before the Deputy Commissioner that he does not recall the plaintiff reporting any back injury to him, and that the first he learned of the plaintiff's alleged claim was in March. Mr. Wiley was aware of the plaintiff's pre-existing back problems and has heard him complain about his back numerous times. Kirk Scott also testified that the plaintiff frequently complained about back pain, as did the other co-workers, due to the heavy nature of the work. According to Mr. Scott, plaintiff did not report a specific injury to him.
9. The plaintiff did not seek medical treatment on the date of the alleged injury. He continued to work for five weeks without seeking medical treatment or reporting a claim. Both Guy Wiley and Curt Scott testified that they did not observe any limitations of the plaintiff's activities during the period of time he worked in the spring of 2001. The plaintiff testified at the hearing before the Deputy Commissioner that he treated his back with a heating pad and prescription medication that he was given by his mother.
10. Plaintiff alleges that he subsequently reported to Lois Fowler, the defendant-employer's President, that he needed to seek medical treatment and that she authorized and made an appointment for him at Western Carteret Medical Center. The plaintiff was examined on March 2, 2001 at Western Carteret Medical Center and reported that he picked up a piece of steel at work approximately four to five weeks ago. The plaintiff was written off work for two weeks and was given prescriptions for Darvocet, Flexiril and Vioxx.
11. Lois Fowler testified that prior to March 2, 2001, the plaintiff had not reported the alleged January 26, 2001 injury. She also testified that the day before, March 1, 2001, she and the plaintiff had a disagreement over the amount of a bonus check he had been paid and that the plaintiff was visibly upset. The plaintiff last worked for the employer on March 1, 2001.
12. The plaintiff returned to Western Carteret Medical Center on March 16, 2001 requesting more pain medication and another work excuse for two weeks. On April 12, 2001, plaintiff was examined again by Dr. James Harvell, who initially assessed moderately severe degenerative disc disease at L3-4 and L4-5 and a possible recurrent herniated nucleous pulposis at L4-5 on the right. Dr. Harvell wrote the plaintiff out of work at that time.
13. Following an MRI of May 7, 2001, which indicated post-operative changes at L5-S1 and L4-5 which Dr. Harvell stated are "associated with degenerative disease at both levels" and that "no acute herniated nucleous pulposis or other significant abnormality is identified", Dr. Harvell did not recommend surgery and recommended outpatient physical therapy. On June 19, 2001, Dr. Harvell referred the plaintiff to the Center for Pain Management for long-term chronic pain management.
14. The plaintiff began treatment at Pitt County Memorial Hospital Center for Pain Management on or about August 20, 2001 and received treatment, including two nerve root blocks. The plaintiff had not returned to work as of the date of the hearing.
15. Although Dr. Harvell has stated an opinion, which would causally relate plaintiff's ongoing back complaints to the incident of January 26, Dr. Harvell's opinion is significantly predicated upon plaintiff's subjective representations. Furthermore, Dr. Harvell opined that it was unusual for plaintiff to have waited five weeks after his alleged incident before seeking medical attention.
16. The totality of the competent evidence in the record establishes that the plaintiff's testimony regarding his alleged injury was not credible and the plaintiff did not sustain a specific traumatic incident on January 26, 2001.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The plaintiff has failed to prove by a greater weight of the competent evidence that he sustained an injury by accident or specific traumatic incident of the work assigned on or about January 26, 2001. N.C. Gen. Stat. § 97-2(6).
2. The plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. The plaintiff's claim is hereby DENIED.
2. Each side shall pay their own costs.
This the ___ day of December 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN
PTY:db